IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>v.<br><br>JUAN RANGEL-ORTIZ,<br>ELVIA TOMASA REYES,<br>BRANDON BRYAN LEE,<br>MICHAEL FOSTER GOODROAD,<br>JESSICA RENAY CHILDERS,<br>EMANUEL HARDIMAN,<br>DONNIE ALLEN OWNBEY,<br>BRANDON DEWAYNE LEROY AUSTIN,<br>AMBER BRUMMETT,<br>CARROLL WATTS,<br>DAVID MILLER,<br>MICHAEL HELTON,<br>MICHAEL COLEMAN,<br>GARY STOTTLEMYRE,<br>JENNIFER ANN WAGGONER, and<br>ANTHONY BUMGARNER,<br><br>        **Defendants.** | Case No. 22-CR-430-JFH |

**OPINION AND ORDER**

Before the Court is a motion to continue dates ("Motion") filed by Defendant Juan Rangel-Ortiz ("Rangel-Ortiz"). Dkt. No. 285. The Motion states the United States of America ("Government") does not oppose the requested continuance. *Id.* at 1. For the reasons set forth below, the Motion is GRANTED.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice

continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

Rangel-Ortiz requests additional time because this complex drug case has a coordinating discovery attorney ("CDA") whose work is not completed. *See* Dkt. No. 99 (Order declaring case complex); Dkt. No. 262 (Order appointing CDA). The CDA's work in progress includes working with the Government about remedying errors it identified in the copy of the production it received and working with a technology vendor on processing the evidence for review. Dkt. No. 285 at 3. Once these tasks are completed, the CDA will need to provide deliverables to defense counsel and counsel will need to consult with the CDA as they conduct targeted searches for relevant data and

coordinate discovery review with their clients. *Id.* Rangel-Ortiz states this process requires more time than is available on the current scheduling order. *Id.*

The Court notes that its previous Order appointing the CDA in June 2023 stated the CDA "*may* provide this Court with monthly ex parte status reports depicting the status of work and whether that work remains within the budget of any funds authorized by the Court, with a copy provided to defense counsel." Dkt. No. 262 at 3 (emphasis added). Given the apparent complications in the case, the Court hereby amends its previous Order to state that the CDA *shall* provide this Court with such reports by filing the reports under seal with copies provided to defense counsel. Deadlines for the reports are set out below.

The Motion states ten (10) Defendants do not oppose the requested continuance, two (2) do object, and the positions of four (4) were unknown at the time of filing. *Id.* at 1-2. The Court entered a minute order directing any defendant who objected to the Motion to file a response by August 11, 2023. Dkt. No. 286. No Defendants filed a response in opposition. Two (2) Defendants filed waivers of speedy trial. Dkt. No. 290 (Michael Coleman); Dkt. No. 291 (Michael Helton). Although waivers are not needed due to the case's designation as complex [Dkt. No. 99], the Court notes them as indications of those Defendants' agreement.

In addition to considering all Defendants' interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that the motion to continue dates filed at Dkt. No. 285 is GRANTED. The jury trial set for September 18, 2023 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

3

| | | |
|---|---|---|
| CDA reports filed under seal with copies to defense counsel: | 8/29/2023 | |
| | 9/26/2023 | |
| | 10/24/2023 | |
| Joint status report regarding production of discovery filed: | 11/2/2023 | |
| Notices filed: | 11/2/2023 | |

This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

| | | |
|---|---|---|
| Motions and objections to notices filed: | 11/9/2023 | |

Absent good cause, motions in limine shall be filed by this date

Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | 11/30/2023 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 12/8/2023 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 12/14/2023 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 12/14/2023 | by 4:00 pm |
| Jury trial: | 12/18/2023 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court

and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

IT IS FURTHER ORDERED that the time from September 18, 2023, inclusive, to December 18, 2023, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 15th day of August 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE